Pool *vs.* Curry.

BENJAMIN G. POOL, plaintiff in error, *vs.* MARGARET CURRY, defendant in error.

If, upon the dissolution of a law firm, one of two partners gets a note for his part of the fee, evidence of his agreement to be represented in the trial of the case is competent and material, and ought to have been submitted to the jury under the charge applicable.

Partnership. Parol to vary writing. Before Judge PAR-ROTT. Bartow Superior Court. March, 1871.

Mrs. Curry sued Pool upon his promissory note for $250 00 payable to Jones & Maltby, or bearer. On the trial, it appeared that Jones & Maltby were partners practicing law, and were employed by Pool to defend his son against a criminal charge, at $500 00, $250 00 of which was paid to Jones; that this note was given to Maltby afterwards, when he and Jones were dissolving their partnership, and Maltby was moving West, as Maltby's half of the fee.

The defendant proposed to prove that when he gave this note it was expressly agreed between him and Maltby that he would personally attend to the case or get J. A.W. Johnson to represent him. The Court rejected the evidence. It was shown that, on the trial of Pool's son, Jones alone represented Jones & Maltby, that Maltby was not present, and that J. A. W. Johnson also represented the son, but by special employment by Pool. The Court charged the jury that a law firm was entitled to the fee if any one of its members represented the firm on the trial, unless at the time of the employment there was a special contract that a particular member of the firm should represent it. The jury found for plaintiff. The rejection of said evidence and said charge are assigned as error.

W. AKIN, for plaintiff in error.

J. W. WOFFORD; ABDA JOHNSON, for defendant.

LOCHRANE, Chief Justice.

The plaintiff in error employed a law firm composed of Jones & Maltby, to defend his son, agreeing to pay them a fee of $500 00.   He paid $250 00, and, subsequently, when the firm was settling up its business, and Maltby, one of the partners, going to Texas, it was agreed, and he went to Pool and got a note for $250 00, payable to the firm.   Upon the trial, Pool proposed to prove that Maltby, at the time, agreed that if he did not attend the Court and defend the son of defendant, he would have J. A. W. Johnson to represent him, which, upon objection, was ruled out.   The evidence further shows that Maltby was not present nor represented, but Jones, the other partner, appeared and defended the case. The Judge charged the jury, in effect, that law partners or firms were similar to others, and if one acted in the case, the note given could be collected.   As a general rule, we recognize the doctrine, that the representation of the firm by one, is a compliance with the contract of professional service, except there is a special agreement in the premises.   But we do not think this case falls within the general rule.   When the law firm was dissolved, and the one who got this note for his share of the fee was removing to Texas, his obligation to be represented at the trial was a special agreement, and went directly to the consideration of the note, and ought to have been admitted by the Court and submitted to the consideration of the jury.

Judgment reversed.